**FILED**

OCT 08 2019

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _N.V._ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRIAN MORGAN, ET. AL.<br>PLAINTIFF'S<br><br>V<br><br>STATE OF OKLAHOMA, ET. AL.<br>DOC<br>DEFENDANTS | COMPLAINT<br>CIV 19 929 R<br>CASE NO.<br><br>MOTION TO FILE WRIT OF MANDAMUS AND NUNC PRO TUNC JUDGEMENT |

COMES NOW PLAINTIFF'S AND MOVES THIS COURT. ON AND AROUND MARCH 1997 FEDERAL JUDGE PAUL RICHARD MARSCH MOVES THE CASE AGAINST TIMOTHY MCVEIGH OUT OF OKLAHOMA TO DENVER, COLORADO CITING DEFENDANT WOULD BE UNABLE TO RECIEVE A FAIR TRIAL IN <u>OKLAHOMA</u>.

THIS IS NOTHING NEW, NO ONE WILL OR CAN RECIEVE A FAIR TRIAL IN ANY COURT IN OKLAHOMA. PLAINTIFF'S CITE US DISTRICT COURT RULING IN CASE 5:19-CV-00482R DOCUMENT 9 FILED 5/29/19.

EVERYTHING PLAINTIFF'S/PETITIONERS FILE THIS COURT SIMPLY PIVOTS AND MISDIRECTS BACK TO PETITIONER CANNOT HAVE A SUCCESSIVE §2254 ACCORDING TO AEDPA WITHOUT A COA FROM THE CIRCUIT COURT.

1

# I History

Morgan was convicted of 13 counts of rape, molestation, kidnapping, weapons possession. Plaintiff is and was all times held by the DOC in Oklahoma currently held in Joseph Harp Correctional Center at P.O. Box 548 Lexington, Oklahoma 73051 BH2 632673.

# II Discussion

(Morgan) again points to Judge Richard Paul Marsch's ruling in State v McVeigh; cannot recieve a fair trial in Oklahoma. Under chain of evidence, chain of custody, poisionous tree evidence is not permissable against petitioner/plaintiff

See Wallace v State, 935 P. 2D 366, 372 (OCCA 1997); in Oklahoma "issues of subject matter jurisdiction are never waived and can therefore be raised on collateral appeal

- Accordingly no COA or § 2254 is therefore needed; where did Wallace get it wrong?

2

See Magnan v. State, 207 P.3D 397, 402 (OCCA 2009), considering Indian Country jurisdictional challenge and explaining subject matter jurisdiction maybe challenged at any time.

- Plaintiff's are challenging jurisdiction against the State of Oklahoma, as all crimes fall under major crimes and were committed within Indian Country no state jurisdiction, where did Oklahoma Supreme Court get this ruling wrong? No CoA needed or § 2254.

The Civil Rights Act of 1968 amended Public Law 280, so that the states no longer held civil and criminal jurisdiction over Indian Country. Petitioner/Plaintiff's were sentenced well after 1968 no State of Oklahoma jurisdiction for civil or criminal in Indian Country.

- My crimes were committed in Indian Country, no state jurisdiction to sentence me and hold me in a state ran prison, no federal grand jury was convened to decide jurisdiction, or to prove the status of the victim or the status of the defendant which must be done by the state in every case.

3

UNITED STATES V PRENTISS, 256 F. 3D 971 (10TH CIR 2001) (EN BANC), THE INDIAN NON-INDIAN STATUS OF THE VICTIM MUST BE ALLEGED IN THE INDICTMENT AND PROVED AT TRIAL.
- THIS DIDN'T HAPPEN FOR THE PLAINTIFF WHERE DID THE 10TH CIRCUIT GET IT WRONG?

UNITED STATES V VAN CHASE, 137 F 3D 579 (8TH CIR. 1998), JURISDICTION IS SUFFICIENT UNDER THE MAJOR CRIMES ACT, IF ANY PART OF THE OFFENSE TOOK PLACE IN INDIAN COUNTRY. (MORGANS) CRIMES WERE AGAIN ALL COMMITTED WITHIN INDIAN COUNTRY MAKING JURISDICTION TOTALLY FEDERAL AND NOT STATE OF OKLAHOMA, WHERE
- DID THE 8TH CIR. GET IT WRONG?

THE STATE OF OKLAHOMA CONSTITUTION STATES: THEY FOREVER DISCLAIM ALL RIGHTS AND TITLE TO ALL UNALLOCATED LANDS, AND ANY LAND HELD BY ANY INDIAN, NATION, OR TRIBE UNTIL CONGRESS RELEASES THESE LANDS BACK TO PUBLIC USE, SHALL BE UNDER THE JURISDICTION OF THE UNITED STATES.
- HOW IS THIS NOT CLEAR NO STATE JURISDICTION IN INDIAN COUNTRY?

4

IN THE FIVE TRIBES ACT CONGRESS EXPRESSLY DELAYED ANY PLANS TO TERMINATE THE TRIBES, AND PROVIDED THAT THE TRIBAL GOVERNMENTS ARE HEREBY CONTINUED IN FULL FORCE AND EFFECT. CONGRESS NEVER DISSOLVED THE CREEK GOVERNMENT. IT HAS ENJOYED CONTINUOUS AND UNINTERRUPTED EXSISTENCE.
* WHERE DID THIS ACT GET IT WRONG?

EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF ANY STATE OR TERRITORY, OR THE DISTRICT OF COLUMBIA, SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS"......

THE STATE OF OKLAHOMA HAS KNOWN FOR 111 YEARS OF STATEHOOD THEY HAD NO JURISDICTION IN INDIAN COUNTRY FOR CRIMES THAT FALL UNDER THE MAJOR CRIMES ACT AND THE FEDERAL GOVERNMENT HAS CONTINUED TO ALLOW IT. THIS IS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

ALL INMATES SERVING A LIFE SENTENCE IN OKLAHOMA HAVE AN INDETERMINATE SENTENCE WITH NO DISCHARGE DATE.
WITH NO MURDER CASE MAX SENTENCE IS 18 YEARS (MORGAN) HAS NO DISCHARGE DATE.

THE BURDEN OF ESTABLISHING JURISDICTION IN THE PROSECUTION RESTS WITH THE STATE. AS THE PARTY BRINGING THE PROSECUTION, THE STATE HAS THE BURDEN TO SHOW THAT THE COURT IN WHICH IT WISHES TO LITIGATE OVER THE CASE:
THE BURDEN IS UPON THE STATE TO PROVE THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT, AND THIS INCLUDES THE PROVING OF VENUE AND ALL OTHER ESSENTIALS NECESSARY TO SHOW JURISDICTION AND SUSTAIN A JUDGMENT OF CONVICTION. SEE SWEEDEN V STATE, 122 P. 2D. 432, 435 (OCCA 1946).
THE STATE DIDN'T HAVE JURISDICTION TO CONVICT US, THEREFORE OUR SENTENCES ARE INVALID AND IN THE INTEREST OF JUSTICE SHOULD BE DISMISSED.

ACCORDING TO PAGE 5 OF 6 CASE NO 5:19-CV-00482R THIS COURT STATES "PETITIONERS HISTORY DICATES DISMISSAL RATHER THAN TRANSFER". JUDGE RICHARD PAUL MARSCH GOT IT RIGHT, NO ONE CAN EXPECT A FAIR TRIAL IN OKLAHOMA. THIS IS DISCRIMINATORY AT THE VERY LEAST.

6

WHAT WE NEED THIS COURT TO DO?
 DAVID MORGAN - 637673
 ERNEST DRAPER - 99612
 KENNETH JOHNSON - 106824
 CLEVE BILLINGS - 133458
 JONATHON GRAHAM -
 MARK KERFOOT -
 STEVEN CRADDOCK -

EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## III PRAYER FOR RELIEF

1) WHEREFORE PLAINTIFF'S RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF'S:

2) A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

3) COMPENSATORY DAMAGES IN THE AMOUNT OF ONE MILLION DOLLARS AGAINST DEFENDANTS. PUNITIVE DAMAGES IN THE AMOUNT OF ONE BILLION DOLLARS AGAINST DEFENDANTS. THE STATE WILL HAVE 60 DAYS TO RESPOND OR DEFAULT JUDGMENT WILL BE TAKEN AGAINST THEM.

7

JUDGMENT ON THE MERITS
4) A JURY TRIAL ON ALL ISSUES
5) PLAINTIFF'S COSTS IN THIS SUIT
6) 900 MILLION DOLLARS PLACED IN AN INTEREST BEARING ACCOUNT TO BE DETERMINED BY THIS COURT AND PLAINTIFF'S WHERE THE MONEY IS TO BE SPENT FOR USE AT JHCC FOR PROPER FOOD, ATTORNEY FEES, DOCTORS, EYE DOCTOR, DRINKABLE WATER. THE STATE OF OKLAHOMA AND DEPARTMENT OF CORRECTIONS HAVE CHOSEN TO NOT TAKE CARE OF INMATES SO THEY WILL HAVE NO DECISION AS TO WHERE THIS MONEY IS SPENT OR CONTROL OF OR ACCESS TO THIS MONEY.

7) RELEASE IMMEDIATELY ALL PLAINTIFF'S AS CHARGES AND SENTENCES ARE INVALID AND DO TO DOUBLE JEOPARDY CANNOT BE PICKED UP BY ANY AUTHORITY

8) RULE IN IN FAVOR OF PLAINTIFF'S FOR MONETARY RULING AS WELL.

RESPECTFULLY SUBMITTED,
DAVID BRIAN MORGAN 632673
ON BEHALF OF "OKLAHOMA 7"

SERVICE OF PROCESS SUMMONS

DAVID BRIAN MORGAN (PLAINTIFF)
548 P.O. Box JHCC B1 112
LEXINGTON, OKLAHOMA 73051

(DEFENDANTS)

STATE OF OKLAHOMA & DOC
LINCOLN BLVD STATE CAPITAL
OKLAHOMA CITY, OK 73116

TO THE ABOVE-NAMED DEFENDANTS:
YOU, ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF'S, WHOSE ADDRESS IS JHCC B1 112 LEXINGTON, OK. 73051 DAVID BRIAN MORGAN
AN ANSWER TO THE COMPLAINT WHICH IS HEREWITH SERVED UPON YOU, EXCLUSIVE WITHIN 60 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE, OR IS THEREFORE IS A DEFENDANT. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR RELIEF DEMANDED IN THIS COMPLAINT.
CLERK OF COURT:
DATE _____
SIGNATURE OF PERSON SERVING COMPLAINT SUMMONS _____

9